UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00155-H

ANDREW IREDALE                                                                                        PLAINTIFF

V.

INSIGHT COMMUNICATIONS COMPANY, L.P.                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff originally filed this action in Jefferson Circuit Court alleging retaliatory termination against his former employer. Pursuant to 28 U.S.C. § 1332, Defendant removed the case to federal court. Plaintiff has filed a Motion to Remand arguing that the amount-in-controversy requirement of $75,000.00 for federal diversity jurisdiction is not met. For the reasons that follow, Plaintiff's motion is denied.

A party seeking removal to federal court bears the burden of establishing federal subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Generally, "when a plaintiff alleges a specific amount of damages in the complaint, that amount controls unless the defendant proves to a 'legal certainty' that plaintiff in good faith cannot claim the jurisdictional amount." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 775-76 (W.D. Ky. 2002) (quoting *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990)).

Paragraph 6 of the Complaint reads: "The Plaintiff expressly stipulates that the amount in controversy is less than $75,000 inclusive of fees, punitive damages and fair value of any injunctive relief." Plaintiff argues that this "stipulation" is sufficient to justify remand. However, Kentucky Rules of Civil Procedure prohibit plaintiffs "from specifically setting forth... alleged damages in [a] complaint." Therefore, the Court cannot consider this aspect of

Plaintiff's Complaint, let alone consider it an executed stipulation. *Shofner v. Mid-America Harborside Healthcare*, No. 3:07-CV-2-R, 2007 WL 433118, at *2 (W.D. Ky. Feb. 5, 2007); Ky. R. Civ. P. 8.01 (2009). Thus, the Complaint provides no basis for remand.

Defendant requested that the parties enter an amount in controversy, thereby quashing any jurisdictional doubts. An appropriate stipulation to this effect would suffice to establish that federal subject matter jurisdiction is lacking. *See Moore v. Humana Ins. Co.*, No. 3:11-CV-00046-CRS-JDM (W.D. Ky. June 1, 2011) ("What is determinative on the question of remand is that [Plaintiff] has *stipulated* that the amount in controversy in this case does not exceed $75,000.00 and that *she does not claim nor will she accept* in excess of $75,000.00 . . . ." (italics in original)). However, Plaintiff refused to offer an additional independent stipulation of any kind, relying instead on the language of his Complaint. Because the amount in controversy contained in the Complaint is prohibited by Kentucky Rules, and Plaintiff refuses to execute an appropriate stipulation, there are no grounds for remand.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.

cc: Counsel of Record